IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00291-09-CR-W-BCW |
| ) | |
| PHILIP CHRIST, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on Philip Christ's Motion to Dismiss the Indictment Due to Its Extreme Constitutional Deficiencies.[1] For the reasons set forth below, it is recommended that defendant Christ's Motion to Dismiss be denied.

I. INTRODUCTION

On August 13, 2013, defendant Philip Christ, along with seventeen others, was charged by indictment. On September 10, 2013, the government was granted leave to amend the indictment. Defendant Christ is charged in only the first count of this forty-four count indictment with conspiracy to commit wire fraud and contraband cigarette trafficking.

The indictment provides in part:

**COUNT ONE**

From on or about July 2010, and continuing until on or about January 26,

---

[1]The instant motion is actually contained within a larger pleading entitled Philip Christ's Motion to Dismiss the Indictment Due to Its Extreme Constitutional Deficiencies, or in the Alternative for the Extraordinary Relief of a Bill of Particulars, Motion for Severance, and Motion to Adopt and Join in Pretrial Motions Filed By Co-Defendants (doc #204). The remainder of defendant's motion will be ruled by separate orders.

2012, said dates being approximate, in the Western District of Missouri and elsewhere, the defendants, CRAIG SHEFFLER, DAVID BISHOP, T. CAMERON JONES, GHOLAMREZA "REZA" TADAIYON, GERALD E. BARBER, HARRY NAJIM, WILLIAM F. PARRY, TARA SUNDOWN, PHILIP CHRIST, MOUSA JUMA, TEDDY FRENCHMAN, MARK BISHOP, PIOTR HOFFMANN, PAYAM KHEIMEHDOOZ, MOHSEN ROSTAMI, NICOLE SHEFFLER, SALVATORE TORNABENE and AJ'S WHOLESALE, LLC,[2] did knowingly and intentionally combine, conspire, confederate and agree with others both known and unknown, to commit offenses against the United States, that is, wire fraud, in violation of Title 18, United States Code, Section 1343; contraband cigarette trafficking, in violation of Title 18, United States Code, Sections 2341 through 2346.

* * *

## Manner and Means

23. It was part of the conspiracy that UCC 1 [unindicted co-conspirator 1], CRAIG SHEFFLER, and TADAIYON would make regular purchases in Kansas City, Missouri, of contraband cigarettes from undercover agents (UCAs) of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in exchange for U.S. currency.

24. It was part of the conspiracy that T. CAMERON JONES and DAVID BISHOP would coordinate the orders between UCC 1, CRAIG SHEFFLER and TADAIYON. TADAIYON and GERALD E. BARBER would coordinate the cigarette orders from the vendors in New York State – including WILLIAM F. PARRY, TARA SUNDOWN, AJ's and HCID in Nebraska.

25. WILLIAM F. PARRY, TARA SUNDOWN, AJ's and Keith Stoldt transported and caused to be transported into New York State unstamped cigarettes without prior approval by the New York Department of Taxation and Finance and without first paying the required $4.35 per pack excise tax. PARRY would then sell those unstamped, untaxed cigarettes at Wolf's Run store. SUNDOWN would then sell those unstamped, untaxed cigarettes at Jan's Smoke shop. AJ's and PARRY would also sell those unstamped, untaxed cigarettes to other smoke shops on the reservations in New York State. Stoldt would then sell those unstamped, untaxed cigarettes at his Totem Pole Smoke Shop.

26. It was further a part of the conspiracy that WILLIAM F. PARRY, TARA SUNDOWN, AJ's and Keith Stoldt would wire transfer money across state lines to prepay for orders of unstamped cigarettes. At the time of those

---

[2]On August 1, 2014, the court granted the government's motion to amend the indictment to reflect defendant AJ's Candy & Tobacco, LLC's name change.

2

wire transfers, WILLIAM F. PARRY, TARA SUNDOWN, AJ's and Keith Stoldt knew they were purchasing unstamped cigarettes with the intent that the New York State excise tax would not be pre-collected, thus allowing the sale of the cigarettes at a considerable discount and depriving New York State of its tax revenue.

27. WILLIAM F. PARRY, TARA SUNDOWN, AJ's and Keith Stoldt would place the order for unstamped cigarettes through PHILIP CHRIST and GERALD E. BARBER. BARBER, using SCTC, would then place orders for those unstamped cigarettes from TADAIYON and BNC. TADAIYON would forward the order to DAVID BISHOP, and DAVID BISHOP would e-mail the order for the unstamped cigarettes to SHEFFLER and CTW in Independence, Missouri.

28. After the orders had been placed, through the end of September 22, 2011, TADAIYON, MARK BISHOP and PIOTR HOFFMANN would pick-up the unstamped cigarettes in the Kansas City, Missouri area and transport them to the SCTC in Gove, Oklahoma. From SCTC, the unstamped cigarettes would be transported to Wolf's Run, Jan's Smoke Shop, AJ's and the Totem Pole Smoke Shop in New York State by Wolf's Run or a common carrier.

29. After September 22, 2011, TADAIYON, MARK BISHOP, PIOTR HOFFMANN, PAYAM KHEIMEHDOOZ and MOHSEN ROSTAMI would pick-up the orders of unstamped cigarettes from the undercover ATF warehouse in Kansas City, Missouri, or at the CTW warehouse in Independence, Missouri, and then transport them directly to the HCID in Nebraska. TEDDY FRENCHMAN, at HCID, would coordinate with HCIL to have the unstamped cigarettes transported to Jan's Smoke Shop, AJ's and the Totem Pole Smoke Shop in New York State.

30. At no point during the conspiracy timeframe was the New York State excise tax paid on these cigarette transactions. From the post-*Oneida* date, June, 2011, through the end of the conspiracy, the total state excise tax lost to New York State was approximately $8,148,420.

**Overt Acts**

31. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Missouri and elsewhere:

\* \* \*

(k) On August 4, 2011, CRAIG SHEFFLER paid the ATF undercover agent $541,725 in cash for 132 cases (7,920 cartons) of

3

Marlboro cigarettes, and other cigarettes. The following acts were taken by the co-conspirators in this transaction:

* * *

(7) The contraband cigarettes were transported from Oklahoma to Totem Pole Smoke Shop in New York State by Wolf's Run Transport, the company owned by WILLIAM F. PARRY. PARRY was paid $7,950 by BNC for transportation fees.

(8) CHRIST was paid a commission for brokering this sale to Totem Pole.

* * *

(t) On November 29, 2011, CRAIG SHEFFLER purchased 15,480 cartons of untaxed Marlboro cigarettes and 5,760 cartons of untaxed Newport cigarettes at a cost of $633,240. CRAIG SHEFFLER paid $685,600 in cash for these cigarettes and other cigarettes. CRAIG SHEFFLER told the undercover agents he was going to load the cigarettes on his truck and take it to his warehouse because he was not going to wait on the Canadians. The following acts were taken by the co-conspirators in carrying out this transaction:

* * *

(4) On December 1, 2011, TADAIYON e-mailed BARBER revisions to invoices 1886 and 187. BARBER replied to TADAIYON that invoice 186 was Totem Pole Smoke Shop and invoice 187 was CHRIST's order;

* * *

All in violation of Title 18, United States Code, Section 371.

(Doc #62)

## II. DISCUSSION

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be informed of the nature and cause of the accusation …." This Constitutional requirement is implemented by Rule 7(c)(1) of the Federal Rules of Criminal

Procedure which specifies that "[t]he indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged …." An indictment is sufficient if it: (1) contains the essential elements of the offenses charged; (2) fairly informs the defendant of the charges against which he must defend; and (3) enables the defendant to plead an acquittal or conviction in bar of future prosecution for the same offenses. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. O'Hagan, 139 F.3d 641, 651 (8th Cir. 1998); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994). The sufficiency of a criminal indictment is determined from its face. There is no summary judgment procedure in criminal cases nor do the rules provide for a pre-trial determination of the sufficiency of the evidence. See United States v. Nabors, 45 F.3d 238, 240 (8th Cir. 1995); United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Indictments are normally sufficient unless no reasonable construction can be said to charge the offense. See O'Hagan, 139 F.3d at 651; United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993).

Defendant Christ contends that Count One must be dismissed because:

> 1. The Indictment is Unconstitutionally Vague Regarding Mr. Christ's Alleged Conspiracy to Commit Wire Fraud; and
>
> 9. The Indictment is Unconstitutionally Vague Regarding Mr. Christ's Alleged Conspiracy to Violate the Contraband Cigarette Trafficking Act.

(Doc #204 at 5 and 8)

18 U.S.C. § 371, the statute under which defendant Christ is charged in Count One provides: "If two or more persons conspire … to commit any offense against the United States … and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both." "The essential elements of

a section 371 conspiracy are that: (1) the defendants agreed with another, (2) to commit crimes against the United States or violate the laws of the United States, and (3) at least one overt act was committed in furtherance of the agreement." United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009). The government is only required to prove that one co-conspirator committed a single overt act. See United States v. Mohamed, 600 F.3d 1000, 1007 (8th Cir. 2010). As set forth above, Count One of the indictment charges in part:

> From on or about July 2010, and continuing until on or about January 26, 2012, said dates being approximate, in the Western District of Missouri and elsewhere, the defendants, CRAIG SHEFFLER, DAVID BISHOP, T. CAMERON JONES, GHOLAMREZA "REZA" TADAIYON, GERALD E. BARBER, HARRY NAJIM, WILLIAM F. PARRY, TARA SUNDOWN, PHILIP CHRIST, MOUSA JUMA, TEDDY FRENCHMAN, MARK BISHOP, PIOTR HOFFMANN, PAYAM KHEIMEHDOOZ, MOHSEN ROSTAMI, NICOLE SHEFFLER, SALVATORE TORNABENE and AJ'S WHOLESALE, LLC, did knowingly and intentionally combine, conspire, confederate and agree with others both known and unknown, to commit offenses against the United States, that is, wire fraud, in violation of Title 18, United States Code, Section 1343; contraband cigarette trafficking, in violation of Title 18, United States Code, Sections 2341 through 2346.

(Doc #62 at 10) The indictment lists numerous overt acts committed by various defendants in furtherance of the conspiracy that span twenty-one pages. (See id. at 16-37)

"An indictment tracking the language of the statute is sufficient to charge a violation of 18 U.S.C. § 371." United States v. Gordon, 780 F.2d 1165, 1171 (5th Cir. 1986)(the conspiracy charge set forth the time, place and purpose of the conspiracy, along with the names of the conspirators, the means used in the conspiracy and the over act). Count One of the instant indictment tracks the statutory language of 18 U.S.C. § 371 and contains all essential elements of a section 371 conspiracy. Count One sets forth the time, place and purpose of the conspiracy, along with the names of the conspirators, the means used in the conspiracy and various overt acts.

6

Defendant Christ argues that Count One does not set forth the requisite elements of the underlying offenses of wire fraud and a violation of the Contraband Cigarette Trafficking Act. However, as set forth in Wong Tai v. United States, 273 U.S. 77 (1927), the United States Supreme Court has declared such pleading unnecessary:

> It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, … or to state such object with the detail which would be required in an indictment for committing the substantive offense …. In charging such a conspiracy 'certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is' necessary.

Id. at 81 (citations omitted). See also United States v. Montgomery, 358 Fed. Appx. 622, 627 (6th Cir. 2009)("an indictment for conspiring to commit an offense does not need to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy"); United States v. Taylor, 163 F.3d 604, 1998 WL 537466, at *7 (8th Cir. Aug. 24, 1998)("an indictment for conspiring to commit an offense in which the conspiracy is the gist of the crime may be less technically precise than an indictment for a substantive offense"). "The rationale is that the crime of conspiracy is complete whether or not the substantive offense which was its object was committed." United States v. Wydermyer, 51 F.3d 319, 325 (2d Cir. 1995).

Defendant Christ further argues that "[t]he government fails to allege any facts tending to prove that Mr. Christ knew anything about any alleged conspiracy, let alone that he knowingly or intentionally took part in any conspiracy to defraud the United States." (Doc #204 at 5) Count One states that defendant Christ knowingly and intentionally conspired with others to commit offenses against the United States and, thus, tracks the appropriate statutory language.

Whether the government will introduce sufficient evidence to prove these allegations cannot be resolved prior to the government's presentation of its case to the jury. The indictment is sufficient.

### III. CONCLUSION

For the foregoing reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying that portion of Philip Christ's Motion to Dismiss the Indictment Due to Its Extreme Constitutional Deficiencies, or in the Alternative for the Extraordinary Relief of a Bill of Particulars, Motion for Severance, and Motion to Adopt and Join in Pretrial Motions Filed By Co-Defendants (doc #204) which seeks a dismissal of the indictment.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                            */s/ Sarah W. Hays*
                                            SARAH W. HAYS
                              UNITED STATES MAGISTRATE JUDGE